KRASELNIK & LEE, PLLC
Robert J. Kraselnik (RK 0684)
C.K. Lee (CL 4086)
30 East 39th Street
Second Floor
New York, NY 10016
Tel.: 212-465-1189
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs
and Class members*

11 CV 9024

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

JEFFREY DURANTE, *on behalf of himself,
FLSA Collective Plaintiffs and Class members*,

        Plaintiff,

        v.

KELLNER DILEO & CO., LLC,
KELLNER DILEO COHEN & CO., LLC,
KDC INVESTMENT MANAGEMENT, LP,
GEORGE KELLNER, RORY ZIRPOLO and
GLEN FRIEDMAN,

        Defendants.

---

Case No.:

CLASS AND COLLECTIVE
ACTION COMPLAINT

---

Plaintiff, JEFFREY DURANTE (hereinafter, "Plaintiff"), on behalf of himself

and others similarly situated, by and through his undersigned attorney, hereby files this

Class and Collective Action Complaint against Defendants, KELLNER DILEO & CO.,

LLC, KELLNER DILEO COHEN & CO., LLC, KDC INVESTMENT

MANAGEMENT, LP, (collectively, the "Corporate Defendants") and GEORGE

KELLNER, RORY ZIRPOLO and GLEN FRIEDMAN (the "Individual Defendants")

1

(each Individual Defendants or each Corporate Defendant may be referred to here as a "Defendant" or, collectively, "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), he is entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages and statutory penalties, and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid spread of hours premium, (3) liquidated damages and statutory penalties, and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, JEFREY DURANTE, is a resident of Queens County, New York.

6. Defendant, KELLNER DILEO & CO., LLC is a foreign limited liability company organized under the laws of the State of Delaware with an address for service of

process listed as: Kellner Dileo & Co., LLC c/o National registered Agts. 875 Ave of the Americas, Ste 501 New York, NY 10001.

7.     Defendant, KELLNER DILEO COHEN & CO., LLC is a foreign limited liability company organized under the laws of the State of Delaware with an address for service of process listed as: c/o George Kellner, Kellner, Dileo & Co., L.P.  900 Third Avenue New York, NY 10022.

8.     Defendant, KDC INVESTMENT MANAGEMENT, LP, is a foreign limited partnership organized under the laws of the State of Delaware with a registered agent listed as: National Registered Agents, Inc., Ste 501, 875 Third Avenue Ave of the Americas, New York, NY 10001.

9.   Defendant, GEORGE KELLNER is the Chief Executive Officer and founder of the Corporate Defendants and in that capacity exercised control over the terms and conditions of Plaintiff's employment and those of similarly situated employees. Specifically, with respect to Plaintiff and other similarly situated employees, he had the power to (i) fire and hire, (ii) determine rate and method of pay (iii) adjust employee work schedules, (iv) reprimand employees and (v) otherwise affect the quality of employment.

10. Defendant, RORY ZIRPOLO, as Director of Securities Lending and a principal of the Corporate Defendants, exercised control over the terms and conditions of Plaintiff's employment and those of similarly situated employees. Specifically, with respect to Plaintiff and other similarly situated employees, he had the power to (i) fire and hire, (ii) determine rate and method of pay (iii) adjust employee work schedules, (iv) reprimand employees and (v) otherwise affect the quality of employment.

11. Defendant, GLEN FRIEDMAN, as Chief Financial and Operations Officer and a principal of the Corporate Defendants, exercised control over the terms and conditions of Plaintiff's employment and those of similarly situated employees. Specifically, with respect to Plaintiff and other similarly situated employees, he had the power to (i) fire and hire, (ii) determine rate and method of pay (iii) adjust employee work schedules, (iv) reprimand employees and (v) otherwise affect the quality of employment.

12. At all relevant times, the Corporate Defendants were "enterprise[s] engaged in commerce" within the meaning of the FLSA.

13. Defendants operate a stock brokerage firm located at 900 Third Avenue in Manhattan.

14. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

15. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff brings claims for Relief as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all non-exempt employees employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

17. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are

4

and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them for overtime hours at the rate of one and one half for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

18. The claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available form the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

19. Plaintiff brings claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees employed by Defendants at any New York location on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

20. All said persons, including Plaintiff, are referred to herein as the "Class." The class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action,

their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

21. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants and there are more than forty (40) members of the Class.

22. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation and spread of hours premium. In addition, no Class member was given any wage statement that complied with the requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

23. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

24. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour

litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

25. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.

Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

26. There are questions of law and fact common to the Class that predominate over any questions affecting only individual class members, including:

    a)  Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law;

    b)  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members at all;

    c)  Whether Defendants misclassified Plaintiff and the Class members as exempt employees under the FLSA and New York Labor Law;

    d)  At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

    e)  Whether Defendants properly paid Plaintiff and Class members for overtime;

    f)  Whether Defendants provided proper wage statements to Class members informing them of information required to be provided on wage statements as required under the New York State law;

    g)  Whether Defendants paid Plaintiff and the Class members the New York State "spread of hours" premium for each workday that exceeded ten hours.

## STATEMENT OF FACTS

27. On or about April 5, 2005, Plaintiff JEFFREY DURANTE was hired by Defendants to work as an operations clerk in the stock-loan department of Defendants' stock brokerage firm located at 900 Third Avenue in Manhattan.

28. Plaintiff JEFFEY DURANTE worked for Defendants until on or about June 30, 2011.

29. During Plaintiff JEFFREY DURANTE'S employment by Defendants, he generally worked between 55 and 62 hours per week and his workday regularly exceeded 10 hours. He was paid on an annual salary basis beginning with an annual salary of $60,000 in 2005 and culminating in an annual salary of $75,000 in 2011. He was paid by check twice a month.

30.    During his employment by Defendants, Plaintiff JEFFREY DURANTE never received an overtime premium for hours worked over 40 in a workweek nor did he ever receive a spread of hours premium for workdays exceeding 10 hours.

31. As an operations clerk, Plaintiff JEFFREY DURANTE'S responsibilities were clerical in nature and mainly included balancing transactions for the securities lending department.

32.    Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiff, FLSA Collective Plaintiff, and Class members.    .

33. Defendants failed to provide to any non-exempt employee wage statements informing such employees of the information required to be provided in wage statements

as required under the New York State law.

34. Defendants knowingly and willfully operated their business with a policy of not paying the "spread of hours" premium to Plaintiff and Class members.

35. Plaintiff retained Kraselnik & Lee, PLLC to represent them and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

36. Plaintiff realleges and reavers Paragraphs 1 through 35 of this Class and Collective Action Complaint as if fully set forth herein.

37. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiff is a covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

38. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

39. At all relevant times, the Corporate Defendants had gross revenues in excess of $500,000.

40. Plaintiff JEFFRFEY DURANTE'S duties were clerical in nature. They were not supervisory for purposes of application of the FLSA's statutory executive exemption

and, accordingly, he is entitled to overtime at a rate of time and one-half as provided for in the FLSA.

41. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

42. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

43. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiff and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Class and Collective Action Complaint to set forth the precise amount due.

44. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

45. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

46.    As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

47.    Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and the FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages plus an equal amount as liquidated damages.

48.    Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).


## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

49.    Plaintiff realleges and reavers Paragraphs 1 through 48 of this Class and Collective Action Complaint as if fully set forth herein.

50.    At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

51.    Defendants willfully violated Plaintiff's and Class members' rights by failing to pay Plaintiff and Class members overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

52.    Defendants willfully violated Plaintiff's and Class members' rights by failing to provide proper wage statements as required under New York State law to non-exempt employees.

53.    Plaintiff's and Class members' workday sometimes exceeded ten (10) hours.

54. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay Plaintiff (i) overtime, (ii) the spread of hours premium, and (iii) statutory penalties for failing to provide proper wage statements as required under New York State law.

55. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid overtime, unpaid spread of hours premium, damages for unreasonably delayed payments, reasonable attorneys' fees, statutory penalties, liquidated damages, and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and all similarly situated employees, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid "spread of hours" premium due under the New York Labor Law;

e. An award of liquidated and/or punitive damages as a result of Defendants'

13

willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

f.      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and "spread of hours" premium pursuant to the New York Labor Law;

g.      An award of relevant statutory penalties, including prejudgment and postjudgment interest;

h.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

j.      Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

k.      Designation of this action as a class action pursuant to F.R.C.P. 23;

l.      Designation of Plaintiff as Representatives of Class; and

m.     Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: December 9, 2011

Respectfully submitted,

KRASELNIK & Lee, PLLC
Robert L Kraselnik (RK 0684)
C.K. Lee (CL 4086)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1189
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective*
*Plaintiffs and Class members*

By: _____
    ROBERT L. KRASELNIK (RK 0684)