

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JEFFREY DURANTE,                              :
                                              :
                Plaintiff/Counterclaim        :
                Defendant,                     :          No. 11 Civ. 9024 (RWS)
                                              :          **ECF CASE**
        v.                                    :
                                              :
KELLNER DILEO & CO., LLC,                     :
KELLNER DILEO COHEN & CO., LLC,               :
KDC INVESTMENT MANAGEMENT, LP,                :
GEORGE KELLNER, RORY ZIRPOLO and GLEN         :
FRIEDMAN,                                     :
                                              :
                Defendants/Counterclaim       :
                Plaintiffs.                    :
------------------------------------------------------------x

## SETTLEMENT AGREEMENT AND
## GENERAL RELEASE OF ALL CLAIMS

This is a Settlement Agreement and General Release ("Agreement") by and

between, on the one hand, Jeffrey Durante (hereinafter referred to as "Plaintiff"), and, on

the other hand, George Kellner, Rory Zirpolo, Glen Friedman, Kellner DiLeo & Co.,

LLC f/k/a Kellner DiLeo Cohen & Co., LLC, and KDC Investment Management, LP

(hereinafter collectively referred to as the "KDC Defendants").  Where appropriate, this

Agreement may refer to Plaintiff and the KDC Defendants collectively as the "Parties" or

to any of them individually as a "Party."

WHEREAS, on or about December 9, 2011, Plaintiff filed a suit for damages

styled *Jeffrey Durante v. Kellner DiLeo & Co., LLC, et al.*, in the United States District

Court for the Southern District of New York, Civil Action No. 11-cv-9024 (RWS)

23607825v3

(hereinafter referred to as the "Complaint"), alleging claims for unpaid overtime compensation under the federal Fair Labor Standards Act and the New York Labor Law;

WHEREAS, the KDC Defendants have contested the claims set forth in this suit and deny any and all liability;

WHEREAS, Plaintiff and the KDC Defendants now desire to settle and resolve fully all matters of dispute or potential dispute between them, including but not limited to all claims Plaintiff asserted or could have asserted in the Complaint, in order to avoid the time, uncertainty, and expense of further litigation;

WHEREAS, the Plaintiff and the KDC Defendants are both represented by competent counsel experienced in employment law matters, and such counsel have engaged in well informed, vigorous, arm's length negotiations over a period of several weeks, including both in-person and telephonic conferences and exchange of several detailed hypothetical settlement calculations based on different sets of assumptions; and

WHEREAS, as a result of such arm's length negotiations, as well as each of their own independent research, inquiry, discovery and analysis, Plaintiff and the KDC Defendants have each concluded that a settlement in the amount of $25,000 is fair and appropriate in light of the risks and uncertainties of further litigation for each side, including uncertainties about the resolution of key issues such as whether or not certain exemptions from overtime requirements apply and the number of overtime hours, if any, that the Plaintiff allegedly worked.

NOW, THEREFORE, in consideration of the promises and mutual covenants set forth in this Agreement, the sufficiency of which is hereby acknowledged, and which the

Parties believe are fair and reasonable, Plaintiff and the KDC Defendants hereby agree as follows:

A.     **Settlement Payment**

1.     In exchange for the promises contained in this Agreement, the KDC Defendants, in accordance with the terms of this Agreement, shall pay to Plaintiff the total settlement amount of Twenty Five Thousand Dollars ($25,000) within ten (10) days of this Court's judicial approval of the terms of the settlement (the "Settlement Payment").

2.     The Settlement Payment described in Paragraph 1 shall be paid to Plaintiff in exchange for Plaintiff's release of claims and other promises below, and in full and complete settlement of any and all claims or potential claims between the Parties, including but not limited to those arising from, involving or relating to Plaintiff's claims in the Complaint, including any and all claims for damages, liquidated damages, compensatory or punitive damages, injunctive relief, attorneys' fees, expenses and costs, or other relief.

3.     The Settlement Payment set forth in Paragraph 1 shall be made in the form of three separate certified checks, as follows: one certified check in the amount of $7,166.67 payable to "Kraselnik & Lee, PLLC," a second certified check in the amount of $3,333.33 payable to "Vincent Licata," and a third certified check in the amount of $14,500.00 payable to "Jeffrey Durante." All three certified checks shall be delivered to C.K. Lee, Esq., Kraselnik & Lee, PLLC, 30 East 39th Street, Second Floor, New York,

New York 10016, so as to be received no later than the tenth (10th) day following the Court's judicial approval of the settlement terms.

       4.     If it is subsequently determined that Plaintiff owes any unpaid taxes with respect to the foregoing payment, or that additional income taxes should have been withheld with respect to said payment, Plaintiff expressly acknowledges and agrees that Plaintiff and/or his heirs, executors, administrators and assigns, and not the KDC Defendants, will be responsible for the payment of any liabilities, payments or costs, including taxes, interest and penalties. Plaintiff agrees to indemnify and hold harmless the KDC Defendants to the full extent of any such liabilities, payments or costs, including taxes, interest and penalties, which may be assessed in connection with any payment made to or on behalf of Plaintiff.

**B.**    **Release of Claims**

       5.     Plaintiff, on behalf of himself, his spouse, heirs, executors, administrators, successors, assigns, and other personal representatives, freely and unconditionally relinquishes, waives, and releases and forever discharges each of the KDC Defendants and any of their affiliates, subsidiaries, divisions, related companies, and their predecessors, successors, assigns, current or former employees, agents, shareholders, officers, directors and representatives from all possible claims, complaints, liabilities, promises, obligations, demands, agreements, damages (including back pay), debts, dues, sums of money, covenants, and lawsuits of any nature whatsoever, whether presently known or unknown by Plaintiff, which may have arisen from the beginning of time through the date of his signature on this Agreement. "All possible claims" includes those

4

arising from, involving or relating to Plaintiff's claims in the Complaint, including but
not limited to any and all claims for damages of whatever kind or nature whatsoever,
injunctive relief, attorneys' fees, expenses and costs. "All possible claims" also includes,
but is not limited to, any claims arising under the Civil Rights Acts of 1866, 1964, 1971,
and 1991, the Americans with Disabilities Act, the Rehabilitation Act of 1973, the federal
Equal Pay Act, the Fair Labor Standards Act, the Employee Retirement Income Security
Act, the Immigration Reform and Control Act, the National Labor Relations Act, the
New York State Human Rights Law, the New York State Whistleblower Law, the New
York State Labor Law, the New York Wage Payment Law, as well as any and all claims
for wrongful or constructive discharge, unpaid wages, breach of contract, infliction of
emotional distress, libel, slander, or any other tort, common law or contract claim or
claim in equity, including but not limited to claims for attorneys' fees, costs and
expenses.

     6.     Each of the KDC Defendants, on behalf of themselves and any affiliates
subsidiaries, divisions, related companies, and their predecessors, successors, assigns,
current or former employees, agents, shareholders, officers, directors and representatives,
freely and unconditionally relinquish, waive, and release Plaintiff from all possible
claims, complaints, liabilities, promises, obligations, demands, agreements, damages,
debts, dues, sums of money, covenants, and lawsuits of any nature whatsoever, whether
presently known or unknown by the KDC Defendants, which may have arisen from the
beginning of time through the date of their signatures on this Agreement. "All possible
claims" includes those arising from, involving or relating to Plaintiff's claims in the

5

Complaint, including but not limited to the KDC Defendants' Counterclaim against Plaintiff and any and all claims for damages of whatever kind or nature whatsoever, injunctive relief, attorneys' fees, expenses and costs.

7.      This release shall not affect or limit: (a) any claims that may arise after the date the Parties sign this Agreement; (b) the Parties' right to enforce the terms of this Agreement; or (c) any other claims that, under controlling law, may not be released by private settlement, including claims for vested benefits under any ERISA plan.

8.      Plaintiff represents that he has not filed any other lawsuit or initiated any other proceeding against any of the KDC Defendants, except the Complaint released herewith.  Plaintiff also agrees not to bring any lawsuit or initiate any proceeding for any claim waived in any paragraph of this Agreement, and agrees, further, not to permit anyone else to do so on his behalf, to the maximum extent possible under applicable law.

**C.      Dismissal of the Complaint**

9.      Contemporaneously with the execution of this Agreement, Plaintiff and the KDC Defendants, by their respective counsel, shall execute a Stipulation of Dismissal, dismissing the Complaint and the KDC Defendants' Counterclaim with prejudice, which shall be held by the KDC Defendants' counsel and shall not be filed with the Court until Plaintiff has received the full amount of the settlement payment in accordance with the terms of this Agreement.

10.     Plaintiff and the KDC Defendants hereby expressly agree and understand that, with the Court's consent, the Court shall retain jurisdiction over the Complaint exclusively for the purpose of enforcement of this Agreement, and that after the KDC

6

23607825v3

Defendants have made the settlement payment as set forth herein, and counsel for the KDC Defendants have been advised that the settlement funds have cleared, counsel for the KDC Defendants shall file the Stipulation of Dismissal with the Court, thereby dismissing the Complaint with prejudice.

**D.  Representations and Acknowledgements**

11.     Each of the Parties represent and acknowledge that (a) they have been represented by independent counsel of their choice prior to signing this Agreement; (b) this agreement is the product of arms' length negotiations between the Parties' attorneys; (c) each has executed this Agreement with the consent and advice of such independent legal counsel; (d) they have not been forced or pressured in any manner whatsoever to sign this Agreement, and they have agreed to all of its terms voluntarily; and (e) they have each reviewed each and every provision of this Agreement and they fully understand this Agreement, including the release of claims.

12.     Plaintiff further represents that neither the KDC Defendants nor any of their agents, representatives or attorneys made any representations concerning the terms or the effects of this Agreement other than those contained herein, that his decision to sign this Agreement is not based in whole or in part on any statement or promise that does not appear within the four corners of this document, and that he has been fairly represented by his attorney throughout these proceedings.

**E.  Non-Admissions**

13.     Plaintiff agrees that the KDC Defendants are entering into this Agreement solely for the purpose of avoiding the burdens and expenses of protracted litigation.

Plaintiff understands that by entering into this Agreement, the KDC Defendants do not acknowledge or admit in any way that Plaintiff's claims in the Complaint have any merit, or that the KDC Defendants engaged in any wrongdoing against Plaintiff or violated any federal, state or local law, statute, order, ordinance, rule, regulation, or contract or common law requirement, duty, or obligation.

14.     Whether or not this Agreement becomes effective, neither this Agreement, nor any exhibit, documents, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiff in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of the KDC Defendants or any releasee of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation or principle of common law or equity; or (b) an admission or concession on the part of the KDC Defendants or any releasee that Plaintiff has suffered any damage.  Additionally, Plaintiff agrees that nothing in this Agreement may be used by either Party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

**F.     Additional Terms**

15.     Severability.  In the event any provision of this Agreement is found by a court of competent jurisdiction to be invalid, illegal, incapable of being enforced by any law or public policy or otherwise inoperative, the other portions of this Agreement shall be deemed valid and operative, and so far as it is reasonable and possible, effect shall be given to the intent manifested by the portion held invalid, illegal, incapable of being

8

enforced or otherwise inoperative so as to render such portion valid and enforceable to the maximum extent permissible.

16.   Entire Agreement. This Agreement constitutes the entire agreement between the Parties, and supersedes all prior agreements and understandings, both written and oral, among the Parties hereto with respect to the subject matter hereof.

17.   Successors and Assigns. This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective parents, subsidiaries, affiliates, successors and assigns, and each of their officers, directors, shareholders, servants, employees, attorneys and agents, or any committee or other arrangement of creditors organized with respect to the affairs of each Party.

18.   Governing Law and Jurisdiction. This Agreement is made and entered into in the State of New York and shall in all respects be interpreted, enforced and governed under the laws of said state. The Parties hereby consent to the jurisdiction of the federal and state courts within the State of New York in connection with any dispute concerning this Agreement.

19.   Amendment. This Agreement may not be modified or amended except by a written document executed by an authorized representative of each Party.

20.   Waiver. Waiver by a Party of any breach of any provision of this Agreement by any other Party shall not operate nor be construed as a waiver of any subsequent or other breach. No provision of this Agreement may be waived except by a written instrument signed by the Party waiving compliance.

9

23607825v3

21.   Headings.  The headings contained herein are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

22.   Construction.  The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either Party, regardless of who drafted it.

23.   Execution in Counterparts.  The Parties agree that this Agreement may be executed in counterparts, and that copies or facsimiles of this Agreement shall have the same force and effect for all purposes as the original.

10

23607825v3

03/28/2012 09:50 FAX  12128087897        KELLEY DRYE & WARREN LLP                    ☑002/002

IN WITNESS WHEREOF, the undersigned Parties have executed this Agreement

on the dates identified below.

KELLNER DILEO & CO., LLC f/k/a
KELLNER DILEO COHEN & CO., LLC

By:_____
   George Kellner
   Its: Chief Executive Officer

Date:_____

KDC INVESTMENT MANAGEMENT, LP

By:_____
   George Kellner
   Its: Chief Executive Officer

Date:_____

GEORGE KELLNER

By:_____
   George Kellner

Date:_____

RORY ZIRPOLO

By:_____
   Rory Zirpolo

Date:_____

GLEN FRIEDMAN

By:_____
   Glen Friedman

Date:_____

JEFFREY DURANTE

By:_____
   Jeffrey Durante

Date:_3  26  12_

11

23607825v3

IN WITNESS WHEREOF, the undersigned Parties have executed this Agreement

on the dates identified below.

KELLNER DILEO & CO., LLC f/k/a
KELLNER DILEO COHEN & CO., LLC

By: _____
George Kellner
Its: Chief Executive Officer

Date: 3|29|12 _____

KDC INVESTMENT MANAGEMENT, LP

By: _____
George Kellner
Its: Chief Executive Officer

Date: 3|29|12 _____

GEORGE KELLNER

By: _____
George Kellner

Date: 3|29|12 _____

RORY ZIRPOLO

By: _____
Rory Zirpolo

Date: 3|29|12 _____

GLEN FRIEDMAN

By: _____
Glen Friedman

Date: 3|29|12 _____

JEFFREY DURANTE

By: _____
Jeffrey Durante

Date: _____

So ordered
Sweet
U SDJ
4.2.12

11